F I L E D
CLERK, U.S. DISTRICT COURT
2/7/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00084-GW |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]: Criminal Forfeiture] |
| PEDRAM MEHRIAN, aka "Abraham Mehrian," | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

    1.    At times relevant to this Indictment:

        The Defendant and Relevant Entities

        a.    Defendant PEDRAM MEHRIAN, also known as "Abraham Mehrian," was a resident of Los Angeles, California.

        b.    Defendant MEHRIAN owned, managed, and controlled the following business entities, all based in California: Strong Faith LLC ("Strong Faith"); Family Financial Strategies, Inc. ("Family Financial"); Mehrian Senior Lifestyle Movement LLC ("MSLM"); Trans 26

Integrated Services LLC ("Trans 26"); and Supreme Executive Authority LLC ("Supreme Executive").

   c. Defendant MEHRIAN owned, controlled, and was a signatory on the following bank accounts, all located in Los Angeles County, California:

     i. A U.S. Bank checking account ending in 0662, in the name of Strong Faith LLC (the "Strong Faith U.S. Bank Account");

     ii. A Bank of America checking account ending in 2784 in the name of Family Financial Strategies, Inc. (the "Family Financial Account");

     iii. A U.S. Bank checking account ending in 1287 in the name of Mehrian Senior Lifestyle Movement LLC (the "MSLM Account");

     iv. A U.S. Bank checking account ending in 8292 in the name of Trans 26 Integrated Services LLC (the "Trans 26 Account"); and

     v. A U.S. Bank checking account ending in 4159 in the name of Supreme Executive Authority, LLC (the "Supreme Executive Account").

<u>The Economic Injury Disaster Loan Program</u>

   d. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic.

   e. The Economic Injury Disaster Loan Program ("EIDL") was a United States Small Business Administration ("SBA") program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

    f. The CARES Act authorized the SBA to provide EIDL loans of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

    g. To obtain an EIDL loan, a qualifying business was required to submit an application to the SBA and provide information about the business's operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDL loans for COVID-19 relief, the 12-month period was the 12-month period from January 31, 2019, to January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

    h. EIDL loan applications were submitted directly to the SBA and processed by the agency with support from a government contractor. The amount of the loan, if the application was approved, was determined in part based on the information provided by the applicant about employment, revenue, and cost of goods sold. Any funds issued under an EIDL loan were issued directly by the SBA.

    i. EIDL loan funds could be used for payroll expenses, sick leave, production costs, and business obligations of the applicant entity, such as debts, rent, and mortgage payments. Borrowers, as part of the EIDL loan application, certified that they would use loan proceeds "solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter."

B.   THE SCHEME TO DEFRAUD

2.   Beginning no later than in or about May 2020, and continuing through at least September 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MEHRIAN, together with others known and unknown to the Grand Jury, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the SBA as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.   The scheme to defraud operated, in substance, as follows:

   a.   Defendant MEHRIAN submitted, and caused to be submitted, false and fraudulent applications to the SBA for EIDL loans on behalf of Strong Faith, Family Financial, MSLM, Trans 26, and Supreme Executive (collectively, the "MEHRIAN Entities").

   b.   In each application, defendant MEHRIAN made and caused to be made false statements, representations, and promises to the SBA in connection with obtaining EIDL loan funds for the MEHRIAN Entities, including: misrepresenting the number of employees of the applicant entity; and providing false information regarding the revenue, cost of goods sold, and business purpose of the applicant entity.

   c.   In each loan agreement, defendant MEHRIAN falsely certified that the loan proceeds would be used as permissible working capital for the respective applicant entity, and that all information submitted in or with each loan application was true and accurate.

   d.   By his materially false and fraudulent statements and his concealment of material facts, defendant MEHRIAN caused the SBA

to approve EIDL loans and to disburse EIDL loan proceeds to which he and the MEHRIAN Entities were not entitled, which proceeds were deposited into bank accounts that were controlled by defendant MEHRIAN.

    e. In contradiction to the multiple certifications defendant MEHRIAN made in the loan applications and loan agreements, defendant MEHRIAN used and caused to be used the fraudulently obtained EIDL loan proceeds for his personal benefit, including for expenses prohibited under the requirements of the EIDL program, such as transfers to pay obligations of unrelated business entities and to pay his personal expenses.

  4. From in or about May 2020 and continuing until at least in or about December 2020, in furtherance of the scheme, defendant MEHRIAN submitted and caused to be submitted fraudulent EIDL loan applications seeking approximately $2.2 million, and actually received approximately $599,900 in EIDL proceeds to which he was not entitled.

C. USE OF INTERSTATE WIRES

  5. On or about the dates set forth below, within the Central District of California, and elsewhere, for the purpose of executing the scheme to defraud described above, defendant MEHRIAN transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

///
///
///
///
///

| COUNT | DATE | INTERSTATE WIRING |
|---|---|---|
| ONE | 06/30/2020 | Transfer of approximately $8,000 from the SBA in Colorado to the Supreme Executive Account in Los Angeles, California |
| TWO | 08/11/2020 | Transfer of approximately $149,900 from the SBA in Colorado to the Family Financial Account in Los Angeles, California |
| THREE | 09/1/2020 | Transfer of approximately $141,800 from the SBA in Colorado to the MLSM Account in Los Angeles, California |
| FOUR | 09/12/2020 | Transfer of approximately $149,900 from the SBA in Colorado to the Strong Faith Account in Los Angeles, California |
| FIVE | 9/15/2020 | Transfer of approximately $149,900 from the SBA in Colorado to the Trans 26 Account in Los Angeles, California |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant PEDRAM MEHRIAN's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2. Defendant MEHRIAN, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                             /s/
                                        _____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

SCOTT PAETTY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

8